IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VINCENT FORMUSOH | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 3-07-CV-0128-K |
| | § | |
| ALBERTO GONZALES, Attorney General of the United States, ET AL. | § § § | |
| | § | |
| Respondents. | § | |

**AMENDED AND CORRECTED FINDINGS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Vincent Formusoh, by and through his attorney of record, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons stated herein, the application should be dismissed for lack of subject matter jurisdiction.

I.

Petitioner, a native of Cameroon and a citizen of Germany, entered the United States on November 23, 2004 under the Visa Waiver Program. (Hab. Pet. at 1, ¶ 1). Less than five months later, petitioner allegedly married Angel Denise Pace, a United States citizen, who filed an I-130 petition in an attempt to obtain permanent residence for her husband. (*Id.*). Pace subsequently withdrew the petition, admitting that her marriage to petitioner was bogus. (*See* Resp. App. at 001-02). On July 10, 2006, the Bureau of Immigration and Customs Enforcement ("BICE") summarily ordered petitioner removed from the United States for remaining in the country longer than authorized by law. (*Id.* at 003).[1] When petitioner appeared at the Dallas immigration office on

---

[1] By entering the United States on a visa waiver, petitioner agreed to voluntarily depart the country within 90 days and expressly waived any right to contest his removal for violating the conditions of his admission. (Resp. App. at 008-10). Petitioner does not argue otherwise. In fact, he acknowledges that, "as a German Citizen under the Visa Waiver program, he is subject to being deported immediately without any hearings." (Hab. Pet. at 4, § 12).

December 18, 2006, he was taken into custody on the outstanding removal order. (*Id.* at 004). [2] Petitioner remains in immigration custody pending his removal to Germany.

On January 31, 2007, petitioner filed an application for writ of habeas corpus seeking immediate release on bond and a preliminary injunction preventing his removal from the United States. Before considering petitioner's request for injunctive relief, the court directed the parties to file supplemental briefs addressing the issue of subject matter jurisdiction under the REAL ID Act of 2005, Pub.L. 109-13, 119 Stat. 231 (May 11, 2005). The parties have submitted their briefs and this matter is ripe for determination.

II.

Section 106 of the REAL ID Act provides, in pertinent part:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, . . . . For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of title 28, United States Code, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

Pub.L. 109-13, 119 Stat. 231, § 106(a)(5). In an attempt to circumvent the plain language of this statute, petitioner argues that the court retains habeas jurisdiction to determine whether respondents improperly applied federal immigration law by issuing a removal order "when the facts of th[e] case clearly show that a valid I-130 Petition for Alien Spouse and I-485 Application for Adjustment of

---

[2] The parties offer different explanations as to why petitioner appeared at the immigration office on December 18, 2006. Respondent argues that it was to inquire about the status of his I-130 petition. (*See* Resp. Br. at 3). Petitioner contends that he went to the immigration office with Angel Pace to file for an adjustment of status. (Pet. Reply Br. at 2). Neither side has submitted any evidence to support their respective explanations.

Status were pending and permitted under § 245(c)(4) of the INA[.]"  (Pet. Br. at 3).  However, the court is unaware of any exception to the REAL ID Act for aliens seeking to avoid a final removal order because of the pendency of an I-130 petition or an I-485 application for adjustment of status. Absent a statute or controlling legal authority that creates an exception to the jurisdiction stripping provisions of the REAL ID Act, this court lacks subject matter jurisdiction over petitioner's claims.[3]

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be dismissed for lack of subject matter jurisdiction.

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party may file written objections to the recommendation within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  February 5, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[3] It is not clear why petitioner did not file a petition for review with the Fifth Circuit, and his failure to timely seek such relief does not vest this court with habeas jurisdiction. *See Manyevere v. Prendes*, No. 3-05-CV-1004-N, 2006 WL 297755 at *2 (N.D. Tex. Feb. 1, 2006). Nor does the court have authority to transfer this case to the Fifth Circuit pursuant to section 106(c) of the REAL ID Act. That provision applies only to habeas cases "pending in a district court on the date of the enactment of this [Act]." Pub.L. 109-13, 119 Stat. 231, § 106(c); *see also Rosales v. Bureau of Immigration and Customs Enforcement*, 426 F.3d 733, 736 (5th Cir. 2005), *cert. denied*, 126 S.Ct. 1055 (2006).